**LAW OFFICE OF JERRY L. STEERING**
Jerry L. Steering, Esq. (SBN 122509)
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
Email: jerrysteering@yahoo.com

**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, ESQ. (SBN. 277669)
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorneys for Plaintiffs Patricia Medina, individual and as guardian ad litem for V.P., J.G., and B.P; VALORIE PEREZ, individually and as guardian ad litem for E.M. and T.M.; and MARIA ELENA MIRANDA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA MEDINA, individual and as guardian ad litem for V.P., J.G., S.M., and B.P; VALORIE PEREZ, individually and as guardian ad litem for E.M. and T.M.; MARIA ELENA MIRANDA,<br><br>   Plaintiffs,<br><br>   vs.<br><br>CITY OF GARDEN GROVE; and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No.: 8:22-cv-00235-JVS-JDE<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES FOR:<br><br>1. Violation Of Fourth Amendment - Unlawful Seizure Of Person;<br>2. Violation of Fourth Amendment – Unlawful Entry/Search/Seizure of Home;<br>3. Violation of Fourth Amendment – Unlawful Seizure and Destruction of Personal Property;<br>4. Municipal Liability – Failure to Train and/or Discipline;<br>5. Municipal Liability – Unlawful Policies, Customs and/or Practices; |

FIRST AMENDED COMPLAINT FOR DAMAGES

1

**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiffs Patricia Medina, individual and as guardian ad litem for V.P., J.G., S..M., and B.P; VALORIE PEREZ, individually and as guardian ad litem for E.M. and T.M.; and MARIA ELENA MIRANDA and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the County of Orange, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

3. Plaintiff Patricia Medina, hereinafter referred to as "MEDINA" or "Plaintiff MEDINA", is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California. MEDINA is legal and natural mother of V.P., J.G. S.M., and B.P.

4. Plaintiff V.P., is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California. V.P. is a minor.

5. Plaintiff J.G., is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California. J.G. is a minor.

6. Plaintiff B.P., is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California. B.P. is a minor.

7. Plaintiff S.M., is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California. S.M. is a minor.

8. Plaintiff Valorie Perez, hereinafter referred to as "PEREZ" or "Plaintiff PEREZ", is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California. PEREZ is legal and natural mother of E.M. and T.M.

9. Plaintiff E.M., is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California. E.M. is a minor.

10. Plaintiff T.M., is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California. T.M. is a minor.

11. Plaintiff Maria Elena Miranda, hereinafter referred to as "MIRANDA" or "Plaintiff MIRANDA", is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California.

12. Defendant City of Garden Grove, hereinafter also referred to as "CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

13. Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Garden Grove Police Department, or some other law enforcement agency, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to plaintiffs, who will amend their complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiffs.

14. At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Garden Grove Police Department, or some other law enforcement agency, and were acting in the course of and within the scope of their employment with defendant CITY.

15. Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by Garden Grove

FIRST AMENDED COMPLAINT FOR DAMAGES

4

Police Department and/or defendant CITY, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiffs in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Orange County Sheriff's Department for, *inter alia*,: 1) for unlawfully seizing persons; 2) unlawful entry and searches of residences; 3) fabricating evidence; 4) unlawfully taking persons to the police station for questioning without probable cause; and 5) covering up tortious conduct by Garden Grove Police Department peace officers.

16. At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chiefs and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Garden Grove Police Department, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.

17. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Garden Grove Police Department and/or otherwise with defendant CITY[1].

18. Plaintiffs are presently unaware of the identities of DOES 1 through 10, inclusive, and will amend their complaint to add and to show the actual names of said DOE defendants, when made known to plaintiffs.

19. In addition to the above and foregoing, Defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiffs of their federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

20. Defendants DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiffs of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States

---

[1] Such as a CITY executive officer.

(Constitutional and statutory) law and California (Constitutional and statutory) state law.

21. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights –**
**Unlawful / Unreasonable Detention and Arrest of Person**
**(By Plaintiffs PEREZ, T.M., E.M., J.G. and V.P., Against Defendants DOES 1 through 6, inclusive)**

22. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 21, inclusive, above, as if set forth in full herein.

23. On August 21, 2020, DOES 1 through 6, inclusive, were apparently investigating a shooting that had taken place at a nearby gas station.

24. Apparently, DOES 1 through 6, inclusive, found MEDINA's son's driver license at the scene of the shooting. Apparently, the driver license contained Plaintiffs' address.

25. At all times complained of in this action, all Plaintiffs resided at 10064 Emerson Avenue, Garden Grove, California.

26. When DOES 1 through 6, inclusive, arrived at Plaintiffs' home, Plaintiffs PEREZ, T.M., E.M., J.G. and V.P were inside of the home.

FIRST AMENDED COMPLAINT FOR DAMAGES
7

27. DOES 1 through 6, inclusive, did not have a search warrant for the home, nor any other lawful justification to enter the home.

28. Upon arrival at Plaintiffs home, DOES 1 through 6, inclusive, ordered PEREZ, T.M., E.M., J.G., and V.P. out of their home.

29. PEREZ, T.M., E.M., J.G., and V.P., complied and exited their home.

30. DOES 1 through 6, inclusive, then entered Plaintiffs' home without a warrant, or any other lawful justification.

31. While inside of Plaintiffs' home, DOES 1 through 6, inclusive, completely and unreasonably trashed Plaintiffs' home and unreasonably destroyed Plaintiffs' personal property. DOES 1 through 6, inclusive, even broke the exterior windows to Plaintiffs' home, even though DOES 1 through 6, inclusive, were already inside of the home.

32. DOES 1 through 6, inclusive, left Plaintiffs' home having destroyed various personal property inside of Plaintiffs' home, for no legitimate reason or purpose.

33. DOES 1 through 6, inclusive, then unlawfully arrested PEREZ, T.M., E.M., J.G., and V.P. and took them to the Garden Grove Police Department to question them about MEDINA's son and the shooting.

34. DOES 1 through 6, inclusive, did not have probable cause to arrest PEREZ, T.M., E.M., J.G., and V.P., nor did they have any other lawful

justification for taking PEREZ, T.M., E.M., J.G., and V.P. to the station for questioning.

35. PEREZ, T.M., E.M., J.G., and V.P. spent several hours at the police station before they were ultimately released.

36. As complained of herein above, none of the defendants to this action had a warrant for the arrest of PEREZ, T.M., E.M., J.G., and V.P., nor probable cause to believe that PEREZ, T.M., E.M., J.G., and V.P. had committed a crime, nor reasonable suspicion that PEREZ, T.M., E.M., J.G., and V.P. was a danger to anyone or anything, nor even a reasonable suspicion of criminality afoot by PEREZ, T.M., E.M., J.G., and V.P..

37. Accordingly, the seizure of PEREZ, T.M., E.M., J.G., and V.P. by Defendants DOES 1 through 6, inclusive, by use of force, constituted an unlawful and unreasonable seizure of PEREZ, T.M., E.M., J.G., and V.P., in violation of their rights under the Fourth Amendment to the United States Constitution.

38. As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, as complained of herein, PEREZ, T.M., E.M., J.G., and V.P.: 1) were substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $4,000,000.00.

39. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of PEREZ, T.M., E.M., J.G., and V.P. constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $2,000,000.00.

### SECOND CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Violation Of Fourth Amendment Rights
### Unreasonable / Unlawful Search and Seizure of Home
### (By all Plaintiffs, Against Defendants DOES 1 through 6, inclusive)

40. Plaintiffs hereby reallege and incorporates by reference the allegations set forth in paragraphs 1 through 39, inclusive, above, as if set forth in full herein.

41. The actions of Defendants DOES 1 to 6, inclusive, complained of in this action in entering, searching and seizing the Plaintiffs' property constituted an unlawful and unreasonable seizure of the Plaintiffs' home in the absence of a warrant, consent, an emergency or exigency, in violation of the Plaintiffs' rights to be free from such and search and seizure of their property under the Fourth Amendment to the United States Constitution.

42. As a direct and proximate result of the actions of Defendants DOES 1 to 6, inclusive, Plaintiffs were: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and

5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $4,000,000.00.

43. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $2,000,000.00, save CITY.

## THIRD CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
**Violation Of Fourth and Fourteenth Amendment Rights**
**Unreasonable Seizure of Personal Property and Deprivation of Personal Property without Due Process**
**(By All Plaintiffs, Against DOES 1 through 6, inclusive)**

44. Plaintiffs hereby reallege and incorporates by reference the allegations set forth in paragraphs 1 through 43, inclusive, above, as if set forth in full herein.

45. The actions of Defendants DOES 1 through 6, inclusive, complained of in this action in seizing and destroying Plaintiffs' personal property throughout their home constituted unnecessary destructive behavior. Defendants' conduct also constituted callous and needless conduct.

46. The actions of Defendants DOES 1 through 6, inclusive, complained of in this action in seizing and destroying Plaintiffs' personal property constituted an unlawful and unreasonable seizure of the Plaintiffs' property in the absence of due process, done with deliberate indifference to the Plaintiffs' constitutional rights

and was shocking to the conscience, in violation of the Plaintiffs' rights to be free from the deprivation of property without due process under the Fourteenth Amendment to the United States Constitution.

47. As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, Plaintiffs were: substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $4,000,000.00.

48. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $2,000,000.00, save CITY.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**FEDERAL CLAIM FOR FAILURE TO PROP'ERTY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE**
(By all Plaintiffs, Against Defendants CITY)

49. Plaintiffs hereby reallege and incorporates by reference the allegations set forth in paragraphs 1 through 48, inclusive, above, as if set forth in full herein.

50. As complained of herein above, the acts of Defendants DOES 1 through 6, inclusive, deprived Plaintiffs of their rights under the laws of the United States and The United States Constitution.

51. The training policies of CITY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted Plaintiffs, including knowing when they may enter and search a private residence; when they may detain persons; when they may arrest persons; when they may use force upon persons; and when they may seize and destroy personal property.

52. CITY was deliberately indifferent to the obvious consequences of its failure to train its peace officer employees adequately.

53. The failure of CITY to provide adequate training caused the deprivation of Plaintiffs' rights by Defendants DOES 1 through 6, inclusive.

54. CITY's failure to train is closely related to the deprivation of Plaintiffs' rights as to be the moving force that ultimately caused Plaintiffs' injuries.

55. Specifically, CITY has failed to train their officers that they may not take persons to the police station for questioning, without probable cause.

56. As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, and each of them, as complained of herein, Plaintiffs: 1) were substantially physically, mentally and emotionally injured; 2) incurred

FIRST AMENDED COMPLAINT FOR DAMAGES

medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $4,000,000.00.

## FIFTH CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
**Municipal Liability – Unconstitutional Official Policy, Practice, Or Custom**
**(By all Plaintiffs, Against Defendant CITY)**

57. Plaintiffs hereby reallege and incorporates by reference the allegations set forth in paragraphs 1 through 56 inclusive, above, as if set forth in full herein.

58. As shown above, the actions of Defendants DOES 1 through 6, inclusive, deprived the plaintiffs of their particular rights under the United States Constitution and under the California Constitution, as described above.

59. At all times complained of herein, Defendants DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the Garden Grove Police Department / defendant CITY:  1) unlawful detaining persons; 2) unlawfully arresting persons; 3) unlawfully entering and searching homes; 4) unlawfully seizing and destroying private property; 5) maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY officers; 6) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and

maliciously, oppressively convict innocent persons, to protect them and other police officers and supervisory personnel from civil, administrative and criminal liability; 7) for covering-up unlawful and tortious conduct by Garden Grove Police Department personnel; and 8) for taking persons to the police station for questioning, without probable cause, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained of below by the plaintiffs in this action.

60. Said actions of said defendants were done by them under the color of state law.

61. As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of Defendant CITY, above-described, said defendants violated Plaintiffs' constitutional rights, above-described.

62. As a direct and proximate result of the actions of Defendant CITY, as complained of herein, Plaintiffs: 1) were substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $4,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

    a) For a judgment against all defendants for compensatory damages in an amount in excess of $4,000,000.00;

FIRST AMENDED COMPLAINT FOR DAMAGES

b) For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $2,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

                                              /S/
                                    GREGORY PEACOCK