**LAW OFFICE OF JERRY L. STEERING**
Jerry L. Steering, Esq. (SBN 122509)
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
Email: jerrysteering@yahoo.com

**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, ESQ. (SBN. 277669)
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorneys for Plaintiffs Patricia Medina, individual and as guardian ad litem for V.P., J.G., and B.P; VALORIE PEREZ, individually and as guardian ad litem for E.M. and T.M.; and MARIA ELENA MIRANDA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA MEDINA, individual and as guardian ad litem for V.P., J.G., S.M., and B.P; VALORIE PEREZ, individually and as guardian ad litem for E.M. and T.M.; MARIA ELENA MIRANDA, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF GARDEN GROVE; NICHOLAS ALMEIDA; BRIAN GIRGENTI; CHRISTIN ROGERS; PHILLIP PHAM; and DOES 1 through 10, inclusive, | Case No.: 8:22-cv-00235-JVS-JDE <br><br> SECOND AMENDED COMPLAINT FOR DAMAGES FOR: <br><br> 1. Violation Of Fourth Amendment - Unlawful Seizure Of Person; <br> 2. Violation of Fourth Amendment – Unlawful Entry/Search/Seizure of Home; <br> 3. Violation of Fourth Amendment – Unlawful Seizure and Destruction of Personal Property; |

SECOND AMENDED COMPLAINT FOR DAMAGES

1

Defendants.

**JURY TRIAL DEMANDED**

      **COMES NOW** Plaintiffs Patricia Medina, individual and as guardian ad litem for V.P., J.G., S..M., and B.P; VALORIE PEREZ, individually and as guardian ad litem for E.M. and T.M.; and MARIA ELENA MIRANDA and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

      1.     As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

      2.     As the incidents complained of in this action occurred in the County of Orange, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

      3.     Plaintiff Patricia Medina, hereinafter referred to as "MEDINA" or "Plaintiff MEDINA", is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California. MEDINA is legal and natural mother of V.P., J.G. S.M., and B.P.

      4.     Plaintiff V.P., is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California. V.P. is a minor.

FIRST AMENDED COMPLAINT FOR DAMAGES

2

5. Plaintiff J.G., is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California. J.G. is a minor.

6. Plaintiff B.P., is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California. B.P. is a minor.

7. Plaintiff S.M., is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California. S.M. is a minor.

8. Plaintiff Valorie Perez, hereinafter referred to as "PEREZ" or "Plaintiff PEREZ", is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California. PEREZ is legal and natural mother of E.M. and T.M.

9. Plaintiff E.M., is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California. E.M. is a minor.

10. Plaintiff T.M., is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California. T.M. is a minor.

11. Plaintiff Maria Elena Miranda, hereinafter referred to as "MIRANDA" or "Plaintiff MIRANDA", is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California.

12. Defendant Nicholas Almeida, hereinafter also referred to as "ALMEIDA" is and at all times complained of herein, was, a peace officer, a police officer, employed by the Garden Grove Police Department / City of Garden Grove, hereinafter also referred to as "CITY", acting as an individual person under

the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with CITY / Garden Grove Police Department.

13. Defendant Brian Girgenti, hereinafter also referred to as "GIRGENTI" is and at all times complained of herein, was, a peace officer, a police officer, employed by the Garden Grove Police Department / CITY, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with CITY / Garden Grove Police Department.

14. Defendant Christin Rogers, hereinafter also referred to as "ROGERS" is and at all times complained of herein, was, a peace officer, a police officer, employed by the Garden Grove Police Department / CITY, acting as an individual person under the color of state law, in her individual capacity and was acting in the course of and within the scope of her employment with CITY / Garden Grove Police Department.

15. Defendant Phillip Pham, hereinafter also referred to as "PHAM" is and at all times complained of herein, was, a peace officer, a police officer, employed by the Garden Grove Police Department / CITY, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with CITY / Garden Grove Police Department.

FIRST AMENDED COMPLAINT FOR DAMAGES

4

16.     Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of CITY and/or otherwise employed by the Garden Grove Police Department, or some other law enforcement agency, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to plaintiffs, who will amend their complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiffs.

18.     At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Garden Grove Police Department, or some other law enforcement agency, and were acting in the course of and within the scope of their employment with CITY.

19.     Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by Garden Grove

Police Department and/or CITY, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiffs in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Garden Grove Police Department for, *inter alia*,: 1) for unlawfully seizing persons; 2) unlawful entry and searches of residences; 3) fabricating evidence; and 4) covering up tortious conduct by Garden Grove Police Department peace officers.

20. At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chiefs and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Garden Grove Police Department, and/or some other public official(s) with CITY, and were acting in the course of and within the scope of their employment with CITY.

21. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace

officers (as described herein, above and below), and/or policy making peace officers, with the Garden Grove Police Department and/or otherwise with CITY[1].

22.  Plaintiffs are presently unaware of the identities of DOES 1 through 10, inclusive, and will amend their complaint to add and to show the actual names of said DOE defendants, when made known to plaintiffs.

23.  In addition to the above and foregoing, Defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiffs of their federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

24.  Defendants ALMEIDA, GIRGENTI, ROGERS, PHAM and DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiffs of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

25.  Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation

---

[1] Such as a CITY executive officer.

of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

# FIRST CAUSE OF ACTION
# VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights –
### Unlawful / Unreasonable Detention and Arrest of Person
### (By Plaintiffs PEREZ, T.M., E.M., J.G. and V.P., Against Defendants ALMEIDA, GIRGENTI, ROGERS, PHAM and **DOES 1 through 6, inclusive**)

26. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 25, inclusive, above, as if set forth in full herein.

27. On August 21, 2020, ALMEIDA, GIRGENTI, ROGERS, PHAM and DOES 1 through 6, inclusive, were apparently investigating a shooting that had taken place at a nearby gas station.

28. Apparently, Garden Grove Police Department officers found MEDINA's son's driver license at the scene of the shooting. Apparently, the driver license contained Plaintiffs' address.

29. At all times complained of in this action, all Plaintiffs resided at 10064 Emerson Avenue, Garden Grove, California.

30. When Garden Grove Police Department officers arrived at Plaintiffs' home, Plaintiffs PEREZ, T.M., E.M., J.G. and V.P were inside of the home.

31. DOES 1 through 6, inclusive, did not have a search warrant for the home, nor any other lawful justification to enter the home.

32. Upon arrival at Plaintiffs home, DOES 1 through 6, inclusive, ordered PEREZ, T.M., E.M., J.G., and V.P. out of their home.

33. PEREZ, T.M., E.M., J.G., and V.P., complied and exited their home.

34. DOES 1 through 6, inclusive, then entered Plaintiffs' home without a warrant, or any other lawful justification.

35. While inside of Plaintiffs' home, DOES 1 through 6, inclusive, completely and unreasonably trashed Plaintiffs' home and unreasonably destroyed Plaintiffs' personal property. DOES 1 through 6, inclusive, even broke the exterior windows to Plaintiffs' home, even though DOES 1 through 6, inclusive, were already inside of the home.

36. DOES 1 through 6, inclusive, left Plaintiffs' home having destroyed various personal property inside of Plaintiffs' home, for no legitimate reason or purpose.

37. ALMEIDA, GIRGENTI, ROGERS, PHAM and DOES 1 through 6, inclusive, then unlawfully arrested PEREZ, T.M., E.M., J.G., and V.P. and took them to the Garden Grove Police Department to question them about MEDINA's son and the shooting.

38. ALMEIDA, GIRGENTI, ROGERS, PHAM and DOES 1 through 6, inclusive, did not have probable cause to arrest PEREZ, T.M., E.M., J.G., and V.P., nor did they have any other lawful justification for taking PEREZ, T.M., E.M., J.G., and V.P. to the station for questioning.

39. PEREZ, T.M., E.M., J.G., and V.P. spent several hours at the police station before they were ultimately released.

40. As complained of herein above, none of the defendants to this action had a warrant for the arrest of PEREZ, T.M., E.M., J.G., and V.P., nor probable cause to believe that PEREZ, T.M., E.M., J.G., and V.P. had committed a crime, nor reasonable suspicion that PEREZ, T.M., E.M., J.G., and V.P. was a danger to anyone or anything, nor even a reasonable suspicion of criminality afoot by PEREZ, T.M., E.M., J.G., and V.P..

41. Accordingly, the seizure of PEREZ, T.M., E.M., J.G., and V.P. by Defendants ALMEIDA, GIRGENTI, ROGERS, PHAM and DOES 1 through 6, inclusive, by use of force, constituted an unlawful and unreasonable seizure of PEREZ, T.M., E.M., J.G., and V.P., in violation of their rights under the Fourth Amendment to the United States Constitution.

42. As a direct and proximate result of the actions of Defendants ALMEIDA, GIRGENTI, ROGERS, PHAM and DOES 1 through 6, inclusive, as complained of herein, PEREZ, T.M., E.M., J.G., and V.P.: 1) were substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $4,000,000.00.

43. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of PEREZ, T.M., E.M., J.G., and V.P. constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of themin an amount to be proven at trial which is in excess of $2,000,000.00.

## SECOND CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Violation Of Fourth Amendment Rights
### Unreasonable / Unlawful Search and Seizure of Home
### (By all Plaintiffs, Against Defendants DOES 1 through 6, inclusive)

44. Plaintiffs hereby reallege and incorporates by reference the allegations set forth in paragraphs 1 through 43, inclusive, above, as if set forth in full herein.

45. The actions of Defendants DOES 1 to 6, inclusive, complained of in this action in entering, searching and seizing the Plaintiffs' property constituted an unlawful and unreasonable seizure of the Plaintiffs' home in the absence of a warrant, consent, an emergency or exigency, in violation of the Plaintiffs' rights to be free from such and search and seizure of their property under the Fourth Amendment to the United States Constitution.

46. As a direct and proximate result of the actions of Defendants DOES 1 to 6, inclusive, Plaintiffs were: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and

5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $4,000,000.00.

47. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $2,000,000.00.

**THIRD CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Violation Of Fourth and Fourteenth Amendment Rights**
**Unreasonable Seizure of Personal Property and Deprivation of Personal Property without Due Process**
**(By All Plaintiffs, Against DOES 1 through 6, inclusive)**

48. Plaintiffs hereby reallege and incorporates by reference the allegations set forth in paragraphs 1 through 47, inclusive, above, as if set forth in full herein.

49. The actions of Defendants DOES 1 through 6, inclusive, complained of in this action in seizing and destroying Plaintiffs' personal property throughout their home constituted unnecessary destructive behavior. Defendants' conduct also constituted callous and needless conduct.

50. The actions of Defendants DOES 1 through 6, inclusive, complained of in this action in seizing and destroying Plaintiffs' personal property constituted an unlawful and unreasonable seizure of the Plaintiffs' property in the absence of due process, done with deliberate indifference to the Plaintiffs' constitutional rights

and was shocking to the conscience, in violation of the Plaintiffs' rights to be free from the deprivation of property without due process under the Fourteenth Amendment to the United States Constitution.

51.     As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, Plaintiffs were: substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $4,000,000.00.

52.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $2,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $4,000,000.00;

b) For a judgment against all defendants for punitive damages in an amount in excess of $2,000,000.00;

c) For an award of reasonable attorney's fees and costs;

FIRST AMENDED COMPLAINT FOR DAMAGES

13

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

_____/S/_____
GREGORY PEACOCK

FIRST AMENDED COMPLAINT FOR DAMAGES

14